**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 21-385-21 |
| MONIEM STROTHERS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Presently before the Court is Defendant Moniem Strothers' counseled Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), the Government's Response in Opposition thereto, and Defendant's Reply.  (Docket Nos. 1531, 1538, 1545).  After careful consideration of the parties' arguments in light of the prevailing legal standards, and for the following reasons, Defendant's Motion will be denied, as the Court declines to exercise its discretion to reduce his sentence.

## I.      BACKGROUND

Pursuant to the parties' Rule 11(c)(1)(C) plea agreement, on December 15, 2022, Defendant pled guilty to a lesser included offense at Count One of the Indictment in this case, that is, conspiracy to possess with intent to distribute and distribute a quantity of fentanyl and a quantity of crack cocaine, in violation of 21 U.S.C. § 846.  (Docket Nos. 1100-1; 1102).  As set forth in the plea agreement, the parties stipulated to a specific sentence to be imposed of 40 months' imprisonment; a term of 3 years' supervised release; a fine, if any, in an amount to be determined by the Court; and a $100 special assessment.  (Docket No. 1100-1, ¶ C.3).  At the change of plea hearing, the Court deferred a decision on whether to accept the plea agreement until it reviewed the Presentence Investigation Report ("PIR").

After the PIR was issued, the Court entered its Tentative Findings and Rulings wherein it determined that Defendant's total offense level was 19.  (Docket No. 1273 at 5).  The Court further found that Defendant had a criminal history score of 5,[1] which resulted in a criminal history category of III.  (*Id.*).  Based on those findings, Defendant's advisory guideline range was 37 to 46 months' imprisonment.[2]  (*Id.* at 5-6).

In each party's respective Sentencing Memorandum, they advocated that the Court should accept the Rule 11(c)(1)(C) plea agreement providing for a 40-month term of imprisonment. (Docket Nos. 1284 at 1-2, n.1; 1286 at 6).  To be clear, Defendant stated, "[e]ven though the stipulated sentence exceeds the advisory guidelines range advocated by [him], he remains

---

[1]   Defendant was assigned 3 criminal history points for prior convictions and 2 points because he committed the instant offense while under a criminal justice sentence imposed in the Court of Common Pleas of Allegheny County, Pennsylvania.  (Docket No. 1202, ¶¶ 37, 40, 42-45).

[2]   Despite that defense counsel "does not recall that the sentencing judge ruled on [his] objection" because the parties stipulated to the sentence, (Docket No. 1531 at 2, n.3), the record makes clear that the Court ruled on Defendant's objection to the calculation of his advisory guideline range in its Tentative Findings and Rulings and ruled on his motion for a variance at sentencing.  To review, Defendant initially objected to calculation of the advisory guideline range because it was arrived at by "reli[ance] upon the discredited powder/crack disparity." (Docket No. 1273 at 1 (quoting Docket No. 1248, ¶ 3)).  Defendant pointed out that the advisory guideline range would have been 30 to 37 months' imprisonment if calculated based on a 1:1 crack-to-powder cocaine ratio (based on a total offense level of 17 and a criminal history category of III), not 37 to 46 months as specified in the PIR.  (Docket No. 1248, ¶¶ 4, 6).  As set forth in the Tentative Findings and Rulings, the Court overruled Defendant's objection because his advisory guideline range was correctly computed in accordance with the Guidelines as they then existed. (Docket No. 1273 at 2-3).  Nevertheless, the Court specified that it was well-aware of the Justice Department's position supporting elimination of the crack-to-powder cocaine sentencing disparity and cognizant of its authority to vary if it found that sound policy reasons existed to eliminate the disparity.  (*Id.* at 3).

Subsequently, prior to Sentencing, Defendant filed a "Motion for a 2-Level Downward Offense Level Variance," wherein he again asked the Court to find that his offense level was 17.  (*See* Docket No. 1285).  In Defendant's Sentencing Memorandum, he also argued that his total offense level should be 17 under the 1:1 crack-to-powder cocaine ratio.  (Docket No. 1286 at 3).  If the Court granted "a variance reflecting a 1:1 crack to powder cocaine ratio," Defendant reiterated that his advisory guideline range would be 30 to 37 months' imprisonment.  (*Id.*).  At sentencing, the Court denied Defendant's Motion for a 2-Level Downward Offense Level Variance as presented, but further expressed its agreement that sound policy reasons exist to eliminate the disparity between crack and powder cocaine in sentencing and explained that it has varied on that basis under § 3553(a) in appropriate circumstances.  (Docket No. 1297).  To summarize, the Court denied Defendant's motion for a variance at sentencing, after previously having overruled his objection to computation of the advisory guidelines range in the Tentative Findings and Rulings.  (*See* Docket Nos. 1273 at 2-3; 1297).

committed to the plea agreement reached with the Government." (Docket No. 1286 at 3). At

sentencing on March 30, 2023, the parties reiterated their positions that the Court should accept the

plea agreement. (Docket No. 1297). Ultimately, the Court accepted the Rule 11(c)(1)(C) plea

agreement, stated its reasons for doing so, and sentenced Defendant to a term of 40 months'

imprisonment followed by a 3-year term of supervised released. (*Id.; see also* Docket No. 1300).

The Court explained why the sentence adequately addressed the nature and circumstances of

Defendant's offense, as well as his history and background, and that it was sufficient, but not

greater than necessary, to meet the goals of sentencing under the factors in 18 U.S.C. § 3553(a).[3]

To that end, the Court commented on the serious nature of Defendant's criminal conduct, which

involved conspiring with others to distribute fentanyl and crack cocaine, and observed that such

drug trafficking activity severely impacts those members of the community who become addicted

to these dangerous controlled substances.

The Court also considered Defendant's personal history and characteristics, including his

criminal history, which includes convictions for escape, disorderly conduct, aggravated assault,

firearms not to be carried without a license and possession of a firearm prohibited. (*See* Docket

No. 1202, ¶¶ 37-42). Among other matters related to Defendant's history and background, the

Court acknowledged that his upbringing was difficult given that both of his parents served

federal sentences of incarceration, he has a lengthy history of substance abuse, he has been

diagnosed with various mental health conditions, and he has minimal work history. (*Id.*, ¶¶ 54,

62, 63, 67, 68).

Additionally, the Court explained that the 40-month sentence of imprisonment was

---

3       An official transcript of the sentencing hearing has not been filed on the docket in this case. Therefore, the
Court summarizes its reasons for accepting the Rule 11(c)(1)(C) plea agreement and imposing the 40-month term of
imprisonment by reference to an unofficial draft of the transcript.

appropriate considering the kinds of sentences available, the advisory guideline range, and the need to avoid sentencing disparities.  Finally, the Court explained that the sentence imposed reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, serves the interest of protecting the public from further crimes of Defendant, and meets the goals of first and third-party deterrence.

As noted, Defendant now moves for a sentence reduction based on Amendment 821 to the Guidelines, which the Sentencing Commission determined applies retroactively.  (Docket No. 1531, ¶ 10).  As Defendant points out, effective November 1, 2023, the Sentencing Commission amended Guideline § 4A1.1 related to the assignment of "status points" for offenders who committed their offense while subject to a criminal justice sentence.  (*Id.*, ¶ 8).  Pursuant to amended Guideline § 4A1.1(e), offenders who have 6 or fewer criminal history points under the other provisions of § 4A1.1 are not assigned any status points.   (*Id.*).

Defendant submits that he is eligible for relief under Amendment 821 because he would not now receive any status points, instead of 2 points as he was previously assessed.   (Docket No. 1531 at 5).  As a result, his criminal history points are reduced from 5 to 3, which reduces his criminal history category from III to II.  (*Id.*).   Based on a total offense level of 19, and a criminal history category of II, the advisory guideline range is 33 to 41 months' imprisonment, instead of 37 to 46 months as previously computed.  (*Id.*).   Consequently, Defendant requests that the Court reduce his sentence from 40 months' imprisonment to 33 months.  (*Id.* at 7).   Defendant contends that a sentence reduction is consistent with the applicable policy statement in Guideline § 1B1.10 and the relevant factors under 18 U.S.C. § 3553(a).  (*Id.* at 5).   Specifically, Defendant maintains that the modest 7-month sentence reduction he seeks is sufficient to meet the goals of sentencing, particularly because he has productively used his time in federal custody.   (*Id.* at 5-6).

The Government opposes Defendant's Motion for a sentence reduction. (*See generally* Docket No. 1538). The Government concedes that Defendant is eligible for a reduction because he would not be assessed any status points under Amendment 821. (*Id.* at 5). Accordingly, the Government agrees that Defendant's criminal history category would drop from III to II, reducing the advisory guidelines range from 37 to 46 months' imprisonment to 33 to 41 months. (*Id.*). Despite Defendant's eligibility, the Government urges the Court to deny his Motion because the stipulated sentence of 40 months' imprisonment still falls within the modified guidelines range, and the relevant § 3553(a) factors do not support a reduction. (*Id.* at 5-9).

In Reply, Defendant reiterates his eligibility for a sentence reduction and maintains that one is warranted here. (*See generally* Docket No. 1545). Although Defendant acknowledges he represented at sentencing that he was committed to the Rule 11(c)(1)(C) plea agreement's stipulated sentence of 40 months' imprisonment, he notes that it "was negotiated with the understanding that the applicable guidelines yielded a certain advisory sentencing range that is no longer accurate." (*Id.* at 2). According to Defendant, the 40-month sentence was reasonable under the applicable guidelines range at sentencing, but it is now "excessive when considered in the context of amended guideline calculations." (*Id.* at 3). As such, Defendant advocates that his sentence should be "revisited . . . to ensure fair and just sentencing." (*Id.* at 4). Finally, Defendant submits that the § 3553(a) factors favor a reduction of his sentence, given his limited criminal history and the fact that he has productively used his time in federal custody. (*Id.* at 5).

After considering the parties' respective positions set forth in the briefing and reviewing the record, the Court declines to exercise its discretion to reduce Defendant's sentence for the reasons explained below.

II.    **LEGAL STANDARD**

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization."   *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see Dillon v. United States,* 560 U.S. 817, 819 (2010) ("A federal court generally 'may not modify a term of imprisonment once it has been imposed.' ") (quoting 18 U.S.C. § 3582(c)(2)). However, § 3582(c)(2) allows for a reduction in the case of a defendant whose sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2); *see Dillon*, 560 U.S. at 825 (observing that § 3582(c)(2) gives courts the power to reduce or modify an otherwise final sentence in circumstances specified by the Sentencing Commission).   The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B.10 of the Sentencing Guidelines.   *See* U.S.S.G. § 1B1.10(a)(1). Additionally, in determining whether a reduction is warranted, § 3582(c)(2) directs the court to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable."   18 U.S.C. § 3582(c)(2).

To summarize, a district court must engage in a two-step inquiry to determine whether a sentence reduction is warranted under § 3582(c)(2).   *Dillon*, 560 U.S. at 826.   "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."   *Id.* at 827.   To that end, Guideline § 1B1.10(b)(1) requires the court to " 'determin[e] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing . . . 'leav[ing] all other guideline application decisions unaffected.' "   *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)).   Next, "[a]t step two of the

inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."[4]  *Id.*; *see also* U.S.S.G. § 1B1.10, Application Note 1(B)(i) ("Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. . . .").

## III.   ANALYSIS

The Court now turns to the two-step inquiry to determine whether a sentence reduction is warranted here.   Initially, there is no dispute that Defendant is eligible for a sentence modification under Amendment 821 because it eliminates the assignment of status points for an individual, like him, who has 3 criminal history points under the provisions of Guideline § 4A1.1 and committed the instant offense while under a criminal justice sentence.   *See* U.S.S.G. § 4A1.1(e) ("Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.").   As a result, if Amendment 821 had been in effect when Defendant was sentenced, he would have had 3 criminal history points, instead of 5 points, placing him in criminal history category II, rather than III. Based on an offense level of 19, and a criminal history category of II, Defendant's advisory guideline range would have been 33 to 41 months' imprisonment, instead of 37 to 46 months as

---

4        Given that § 3582(c)(2) proceedings are limited in nature, § 1B1.10(b)(2) "confines the extent of the reduction authorized." *Dillon*, 560 U.S. at 827.  Accordingly, a court "generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution." *Id.* (quoting U.S.S.G. § 1B1.10(b)(2)(A)).  "Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term 'comparably' below the amended range." *Id.* (quoting U.S.S.G. § 1B1.10(b)(2)(B)).

previously calculated.

Moving on to step two of the inquiry, the Court considers the applicable § 3553(a) factors to determine whether, in its discretion, a reduction is warranted under the circumstances of Defendant's case. *Dillon*, 560 U.S. at 827; U.S.S.G. § 1B1.10, Application Note 1(B)(i).   In determining whether to exercise its discretion, the Court also considers Defendant's risk to public safety and his post-sentencing conduct.   *See* U.S.S.G. 1B1.10, Application Note 1(B)(ii), (iii) (specifying that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment[,]" and "[t]he court may consider [the defendant's] post-sentencing conduct" in determining whether a reduction is warranted).

At the outset, the Court has carefully examined the § 3553(a) factors and finds that the nature and circumstances of the offense, Defendant's history and characteristics and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, … to provide just punishment for the offense[, and] to afford adequate deterrence to criminal conduct" do not justify a sentence reduction here.   18 U.S.C. §§ 3553(a)(1); 3553(a)(2)(A)-(B).   In so ruling, the Court reiterates the reasons previously stated at the sentencing hearing for accepting the parties' Rule 11(c)(1)(C) and imposing the 40-month term of imprisonment.   To repeat, Defendant engaged in extremely serious criminal conduct by conspiring to distribute fentanyl and crack cocaine, despite having had prior convictions of aggravated assault, escape, firearms offenses, and disorderly conduct.   Apparently, the sentences Defendant received for his prior offenses did little to deter him from continuing to engage in criminal conduct as evidenced by his participation in the drug trafficking conspiracy involved in this case.   As such, the sentence imposed is necessary and appropriate to reflect the seriousness of the offense, to promote respect

for the law and to adequately deter Defendant from engaging in additional criminal conduct. Each of these factors previously discussed by the Court remain relevant and counsel against granting the sentence reduction Defendant now seeks.[5]

Next, consideration of public safety also counsels against a sentence reduction here. Defendant's drug trafficking activity involving fentanyl and crack cocaine can produce horrible consequences for individuals who become addicted to these drugs, thereby creating a significant danger to the community as previously discussed at sentencing.   Finally, although the Court commends Defendant for his laudable post-sentencing conduct, including earning his GED, participating in drug treatment programs, and remaining free of disciplinary infractions, (*see* Docket No. 1531 at 6), the Court does not believe that this factor warrants the sentence reduction he seeks.   As discussed, Defendant has struggled with substance abuse, he has been diagnosed with mental health conditions, and he has a limited employment history.   (*See* Docket No. 1202, ¶¶ 62, 63, 67, 68).   It therefore stands to reason that Defendant will benefit by taking advantage of any additional available substance abuse, mental health, and vocational programs offered by the Bureau of Prisons so that he is best positioned to contribute positively to his community when he is released from custody.

---

5        In addition to examination of the § 3553(a) factors, it is relevant that Defendant received a substantial benefit by pleading guilty pursuant to a Rule 11(c)(1)(C) plea agreement, a factor which the Court also may consider in determining whether a sentence reduction is warranted.   *See Hughes v. United States*, 584 U.S. 675, 689 (2018) ("The district court can consider the benefits the defendant gained by entering a Type–C agreement when it decides whether a reduction is appropriate . . . .").   As originally charged, Count One of the Indictment carried a statutory penalty of not less than 10 years' imprisonment.   (*See* Docket Nos. 3 at 1-2; 4 at 5).   By pleading guilty to a lesser-included offense at Count One pursuant to a Rule 11(c)(1)(C) plea agreement, Defendant avoided the 10-year mandatory term of imprisonment and obtained the benefit of a significantly lower stipulated sentence.

IV.    **CONCLUSION**

In summary, Defendant is eligible for a sentence modification under Amendment 821 because status points no longer apply in calculating his criminal history score.   As a result, his advisory guideline range would be reduced from 37 to 46 months' imprisonment to 33 to 41 months.   After considering the relevant factors under 18 U.S.C. § 3553(a), as well as public safety and Defendant's post-sentencing conduct, the Court declines to exercise its discretion to reduce his sentence of 40 months' imprisonment to 33 months as he requests.   The 40-month term of imprisonment imposed remains sufficient, but not greater than necessary, to meet the goals of sentencing for the reasons previously detailed on the sentencing record and discussed again herein.   Accordingly, Defendant's Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), (Docket No. 1531), is DENIED.

An appropriate Order follows.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Date:        February 8, 2024

cc/ecf:      All counsel of record